Erik J. Foley, Nevada Bar No. 14195 (pro hac vice forthcoming)
EFoley@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

G. Warren Bleeker, CA Bar No. 210834
WBleeker@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 N. Central Avenue, Suite 2300
Glendale, CA 91203
Tel:   (626) 795-9900
Fax:   (626) 577-8800

Attorneys for Plaintiffs
*Tracii Guns and Philip Lewis*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACII GUNS, an individual; and PHILIP LEWIS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN RILEY, an individual; SCOTT GRIFFIN, an individual; KELLY NICKELS, an individual; KURT FROHLICH, an individual; ERIC BAKER, an individual; DANIEL SULLIVAN BIGG, an individual; HARDCORE, INC., a California corporation d/b/a RIVERTON ONE MUSIC; EPIC RIGHTS, LLC, a California Limited Liability Company, previously registered as Epic Rights, Inc., a California corporation; NEW BREED LLC, a California Limited Liability Company; BIGG TIME ENTERTAINMENT, INC., a California corporation; GOLDEN ROBOT GLOBAL ENTERTAINMENT PTY LTD, an Australia proprietary limited company; STEPHEN RILEY AND TRACI [sic] GUNS PARTNERSHIP, a purported entity of unknown form; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:20-cv-00270 <br><br> **COMPLAINT FOR:** <br> **(1) DECLARATORY JUDGMENT;** <br> **(2) UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125;** <br> **(3) FALSE ADVERTISING UNDER 15 U.S.C. § 1125;** <br> **(4) UNFAIR COMPETITION UNDER CAL. CIV. CODE § 17200 et seq.;** <br> **(5) CALIFORNIA COMMON LAW UNFAIR COMPETITION;** <br> **(6) UNAUTHORIZED USE OF LIKENESS UNDER CAL. CIV. CODE §3344 AND CALIFORNIA COMMON LAW;** <br> **(7) BREACH OF CONTRACT; and** <br> **(8) CONVERSION** <br><br> **DEMAND FOR JURY TRIAL** |

- 1 -

Plaintiffs Tracii Guns and Philip Lewis ("Plaintiffs), by and through their attorneys, assert this Complaint against Defendants Stephen Riley, Scott Griffin, Kelly Nickels, Kurt Frohlich, Eric Baker, Daniel Sullivan Bigg, Hardcore, Inc., Epic Rights, LLC, New Breed LLC, Bigg Time Entertainment, Inc., Golden Robot Global Entertainment Pty Ltd, the Stephen Riley and Traci [sic] Guns Partnership, and DOES 1 through 10 (collectively "Defendants") as set forth below.

### THE PARTIES

1.      Plaintiff Tracii Guns is a resident of Los Angeles County, California.

2.      Plaintiff Philip Lewis is resident of Clark County, Nevada.

3.      On information and belief, Defendant Stephen Riley ("Riley") is a resident of Los Angeles County, California.

4.      On information and belief, Defendant Scott Griffin is a resident of the State of Nevada and has substantial connections with the State of California, including frequently performing for money as a member of a rock and roll band in the State of California, recording "masters" for various rock and roll albums in the State of California, and entering into related contracts in the State of California.

5.      On information and belief, Defendant Kelly Nickels is a resident of the State of New York and has substantial connections with the State of California, including frequently performing for money as a member of a rock and roll band in the State of California, recording "masters" for various rock and roll albums in the State of California, and entering into related contracts in the State of California.

6.      On information and belief, Defendant Kurt Frohlich is a resident of the State of Florida and has substantial connections with the State of California, including frequently performing for money as a member of a rock and roll band in the State of California, recording "masters" for various rock and roll albums in the State of California, and entering into related contracts in the State of California.

7.      On information and belief, Defendant Eric Baker is a resident of the State of California.

- 2 -

8.     On information and belief, Defendant Daniel Sullivan Bigg is a resident of the State of California.

9.     Defendant Hardcore, Inc. is a corporation formed and operating in the State of California and occasionally doing business as Riverton One Music.

10.     Defendant Epic Rights, LLC. ("Epic Rights") is a limited liability company formed and operating in the State of California.  Epic Rights was previously registered as Epic Rights, Inc. a California corporation.  It converted to a limited liability company in our about December, 2018.

11.     Defendant New Breed LLC is a limited liability company, formed and operating in the State of California.

12.     Defendant Bigg Time Entertainment, Inc. is a corporation formed and operating in the State of California.

13.     Defendant Golden Robot Global Entertainment Pty Ltd is a proprietary limited company formed in Australia and operating in the State of California.  On information and belief, Defendant Golden Robot Global Entertainment Pty Ltd contracts with musicians to record "masters" in the State of California and then controls distribution of those recordings throughout the State of California.

14.     Defendant Stephen Riley and Traci [sic] Guns Partnership, an entity of unknown form, is not and was never a valid entity (but is listed as the owner of U.S. Trademark Registration Number 2,287,358 ("the '358 Registration"), the federal trademark registration at issue herein).

15.     The Defendants designated as DOES 1-10, in their true capacities, are corporations or other business entities are currently unknown to Plaintiffs. Therefore, Plaintiffs sue them by fictitious names. Plaintiffs are informed and believe, and therefore allege, that each of the Defendants designated as a DOES 1-10 are involved in and/or responsible for the acts complained of herein, and Plaintiffs will ask leave of this Court to amend their Complaint to insert the true names and capacities of DOES 1-10 when they have been ascertained.

*Lewis Roca*
ROTHGERBER CHRISTIE

655 North Central Avenue, Suite 2300
Glendale, CA  91203

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

## JURISDICTION AND VENUE

16.     This is an action for declaratory relief, unfair competition and trademark infringement under the Lanham Act, 15 U.S.C. § 1125, false advertising under the Lanham Act, 15. U.S.C. § 1125, California State statutory unfair competition under California Business and Professions Code § 17200 et seq., California State common law unfair competition, California State unauthorized use of likeness under California Civil Code §3344 and California common law, breach of contract, and conversion.

17.     This Court has jurisdiction over the subject matter of this lawsuit pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a). The Court also has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1119, and the Declaratory Judgment Act, 28 U.S.C. § 2201. The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding.   Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## GENERAL ALLEGATIONS

### *Plaintiff Tracii Guns Forms L.A. Guns, Naming the Band After Himself*

18.     In or about 1983, Plaintiff Tracii Guns formed a rock and roll band. He named it "L.A. Guns."  The original band consisted of Plaintiff Tracii Guns (lead guitar), Mike Jagosz (lead singer), Ole Beich (bass guitar), and Rob Gardner (drums).

19.     Plaintiff Tracii Guns is the owner of common law trademark rights for the standard character word mark, L.A. GUNS, and any related design mark or other mark incorporating the L.A. GUNS word mark, throughout the United States, with a first use in commerce date of March 1983, for goods and services including but not limited to musical sound recordings; audio-visual recordings; clothing; entertainment services in the nature of live musical performances; entertainment services in the

nature of visual and audio performances by a musical artist; entertainment services, namely, live music concerts; and entertainment services in the nature of live traveling tours by a musical entertainer.

20.     Plaintiff Guns has used the L.A. GUNS mark on the above goods and services continuously since 1983, Plaintiff Guns has invested substantial resources in using and promoting the mark to the public, and the public associates the mark with Plaintiff Guns as to the goods and services listed above.

21.     In 1984, the original members of L.A. Guns recorded their debut extended play record ("EP") titled, *Collector's Edition No. 1*.  The EP was released in 1985.  Defendants Riley, Griffin, Nickels, and Frohlich (collectively, "Infringing Band Members") did not participate in recording this EP.

22.     In 1985, Plaintiff Tracii Guns joined with Axl Rose to form a new band. The newly formed group combined the names of the two bands to create Guns N' Roses.  However, Plaintiff Tracii Guns's participation in Guns N' Roses was short-lived.  After a falling out with Axl Rose, Plaintiff Tracii Guns left Guns N' Roses.

23.     The same year, Plaintiff Tracii Guns reformed L.A. Guns.  With the exception of himself, none of the original band members remained.

24.     In 1987, Plaintiff Philip Lewis replaced Paul Black as lead singer.

25.     In 1987, L.A. Guns recorded their debut, full-length, self-titled album, *L.A. Guns*.[1]   The album was released in 1987 and spent 33 weeks on the U.S. *Billboard 200*.  *L.A. Guns* featured both Plaintiffs Tracii Guns and Philip Lewis.  Of the Infringing Band Members, only Defendant Kelly Nickels participated in recording the entire album, *L.A. Guns*.  Defendant Stephen Riley contributed to a single track on the album.

---

[1] To avoid confusion between the band L.A. Guns and the self-titled album, *L.A. Guns*, all references to the album (and all other album titles) appear herein italicized, while the band name appears in standard typeface.

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

*Defendant Stephen Riley Joins L.A. Guns*

26.    Between the time *L.A. Guns* was recorded and the time it was released, Defendant Stephen Riley replaced Nickey Alexander as the drummer for L.A. Guns. As a consequence, Defendant Riley was listed as the band's drummer in the album's liner notes.  Nickey Alexander was still credited as the drummer for the recorded tracks.

27.    In 1989, L.A. Guns recorded and released their second full-length album, *Cocked and Loaded*.  Plaintiffs Tracii Guns, Philip Lewis, and Defendant Stephen Riley all appeared on the album.  Defendants Griffin and Frohlich did not contribute to the album.  *Cocked and Loaded* spent 56 weeks on the U.S. *Billboard 200*.  The album quickly "went gold" (selling over 500,000 copies nationwide) and eventually reached platinum status (1,000,000 copies).  One review focused heavily on the Band's namesake: "Wildman guitarist Tracii Guns isn't exactly known for his subtlety, but he comes up with some tasty stuff here—check out his acoustic riffing, and the electric solo that wraps itself around your ears on the gypsy-ish 'Magdalaine.'"[2]  The album also included one of L.A. Guns most recognizable hits, "The Ballad of Jayne."

28.    In 1991, L.A. Guns released their third full-length album, *Hollywood Vampires*.  *Hollywood Vampires* peaked at number 62 on the *Billboard Hot 100*.

*L.A. Guns Membership Fluctuates*

29.    In 1992, L.A. Guns fired Defendant Riley from the band for assaulting Plaintiff Philip Lewis.

30.    In 1995, the band released its fourth full-length album, *Vicious Circle*, with its new drummer, Michael "Bones" Gershima.  The album continued to feature Plaintiff Tracii Guns on lead guitar and Plaintiff Philip Lewis on lead vocals.  Of the

---

[2] Janiss Garza, *Other Metal Releases*, CASH BOX MAGAZINE, Sept. 2, 1989, https://www.americanradiohistory.com/hd2/IDX-Business/Music/Archive-Cash-Box-IDX/80s/1989/CB-1989-09-02-OCR-Page-0011.pdf

Lewis Roca
ROTHGERBER CHRISTIE

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Infringing Band Members, only Defendant Kelly Nickels participated in recording the album.

31.    Plaintiff Philip Lewis left the band shortly after the release of *Vicious Circle*.

32.    In 1996, Defendant Riley rejoined the band. Between 1996 and 1999, L.A. Guns, still featuring Plaintiff Tracii Guns on lead guitar, released two more albums, *American Hardcore* (1996), *Shrinking Violet* (1999). Of the Infringing Band Members, only Defendant Stephen Riley participated in recording these albums.

33.    The band released *Man in the Moon* in 2001, which featured the return of Plaintiff Philip Lewis, along with Plaintiff Tracii Guns and Defendant Stephen Riley. The three also appeared on *Waking the Dead*, released in 2002. Of the Infringing Band Members, only Defendant Stephen Riley participated in recording these albums.

34.    In all, Plaintiff Tracii Guns appeared on each of L.A. Guns first eight full-length albums as well as two Eps and several compilations and re-releases (as well as two subsequent full-length albums released in 2017 and 2019).

35.    In June 1996, Defendant Riley incorporated Defendant Hardcore, Inc. in the State of California. Defendant Riley alone controlled and currently controls Defendant Hardcore, Inc. Shortly thereafter, he began operating Riverton One Music, a fictitious firm name for Hardcore, Inc. Working with various record labels and publishers, he assigned Riverton One (1) the right to collect performance and mechanical royalties of the L.A. Guns albums and performances and (2) the obligation to disperse those royalties to the members of the bands who participated in each respective album.

***Defendant Stephen Riley Asserts Control Over the L.A. Guns Trademark, Falsely Declaring the Existence of a Partnership***

36.    In October, 1999, purporting to "help" Plaintiff Tracii Guns protect the name of the band bearing Plaintiff Tracii Guns's own name, Defendant Riley

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

registered a federal trademark for a design mark incorporating the words "L.A. Guns", U.S. Reg. Number 2,287,358 ("the '358 Registration"). Though Plaintiff Tracii Guns created the L.A. GUNS mark, was the first to use the mark on the asserted goods and services, to this day continues to be the owner of all such common law trademark rights, and Defendant Riley was not even in the band when Plaintiff Tracii Guns created and first began use of the mark, Defendant Riley registered the mark with the "Stephen Riley and Traci [sic] Guns Partnership" as the listed owners of the mark.

37.    In support of the trademark application Defendant Riley submitted a declaration, under penalty of perjury, which contained knowingly false representations regarding the creation and ownership of the mark. Similarly, Defendant Riley continued to file Statements of Use affirming these false representations.

38.    For example, on the trademark application, Defendant Riley declared that "he/she believes the applicant to be the owner of the trademark/service mark sought to be registered." Defendant Riley listed the applicant as a partnership between himself and Plaintiff Tracii Guns. This was knowingly false for two reasons. First, no such partnership was ever formed. Second, Plaintiff Tracii Guns never agreed to share ownership of the L.A. GUNS trademark with Defendant Stephen Riley or any such partnership.

39.    Moreover, on the trademark application, Defendant Riley declared that the "[d]ate of the first use of the mark in commerce" was 1987. Not coincidentally, Defendant Riley joined the L.A. Guns band in 1987. But the mark had been in use since Plaintiff Tracii Guns formed the band in 1983—a fact that Defendant Riley knew. Defendant Riley's declaration to the contrary was knowingly false.

40.    Plaintiff Tracii Guns never agreed to allow Defendant Riley to share ownership of the mark. Nevertheless, Defendant Riley asserts that he is a 49 percent owner, and that Plaintiff Tracii Guns is a 51 percent owner of the registered mark.

Lewis Roca
ROTHGERBER CHRISTIE

655 North Central Avenue, Suite 2300
Glendale, CA 91203

41.     The "Stephen Riley and Traci [sic] Guns Partnership" does not exist. Plaintiff Tracii Guns never agreed to enter into a partnership with Defendant Stephen Riley.   Plaintiff Tracii Guns never intended to convey any ownership interest to Defendant Stephen Riley (or any partnership) in the L.A. Guns Mark.   Defendant Stephen Riley and Plaintiff Tracii Guns had no written partnership agreement.   Nor did they have an oral partnership agreement.  Nor did they act in a manner consistent with the intent to create a partnership pertaining to the ownership of any LA Guns mark.

42.     The purported "Stephen Riley and Traci [sic] Guns Partnership" never registered a fictitious business name, as is required under California law.  Nor has the purported partnership registered to do business in any manner, in any jurisdiction.

43.     The purported "Stephen Riley and Traci [sic] Guns Partnership" never filed a tax return.

44.     The purported "Stephen Riley and Traci [sic] Guns Partnership" has no bank accounts.

45.     The purported "Stephen Riley and Traci [sic] Guns Partnership" has no accounting records of any kind.

***While Plaintiff Tracii Guns Was Working on Another Project, Defendant Riley Tours and Produces Music Under the L.A. Guns Name Without Plaintiff Tracii Guns's Consent***

46.     In late 2002, Plaintiff Tracii Guns decided that L.A. Guns would take a brief hiatus from live performances and recording new music so that he could work with Nikki Sixx on an album for an all-star "superband," Brides of Destruction. Because L.A. Guns was synonymous in the public mind with Plaintiff Tracii Guns and could not effectively tour without him, L.A. Guns canceled a tour with Alice Cooper.

47.     Plaintiff Tracii Guns initially agreed to allow Defendant Riley to continue to tour and perform with a band using the L.A. Guns mark, for a two-year

period, at which point, Plaintiff Tracii Guns would return to the band.  However, shortly thereafter, Plaintiff Tracii Guns discovered that Defendant Riley had embezzled and/or converted royalties due and owing to Plaintiff Guns and other performers and song-writers (addressed in detail *infra*).

48.   Still in 2002, upon discovering Defendant Riley's wrongful confiscation of the royalties, Plaintiff Tracii Guns revoked Defendant Riley's license to use any L.A. Guns mark.

49.   Nevertheless, without the consent of Plaintiff Tracii Guns, Defendant Riley brought in a revolving door of lead guitarists and continued touring and producing records under the L.A. Guns name ("the Infringing L.A. Guns").

50.   In 2005, without Plaintiff Tracii Guns, Defendant Riley released *Tales from the Strip* under the L.A. Guns name.  In 2012, after a seven-year gap, Defendant Riley similarly released *Hollywood Forever*.

***Plaintiff Tracii Guns Re-Forms L.A. Guns, Which Now Must Compete with the Infringing L.A. Guns***

51.   Because of the falling out between Plaintiff Tracii Guns and Defendant Stephen Riley, Plaintiff Tracii Guns was not interested in rejoining the unauthorized version of L.A. Guns.  Instead, he reformed the L.A. Guns band and began touring. During the time that Plaintiff Tracii Guns paused the band's live performances, the mark continued to be used with respect to goods and services other than live performances, and Plaintiff Guns intended to continue to use the mark going forward in connection with live performances and the other goods and services identified above.

52.   At various times since 2006 (including up to the filing of this Complaint), two bands have been touring as L.A. Guns—the band with the namesake Plaintiff Tracii Guns, and the Infringing L.A. Guns with Defendant Stephen Riley and now including the Infringing Band Members.

***Plaintiff Philip Lewis Leaves the Infringing L.A. Guns and Rejoins L.A. Guns***

53.     In 2016, L.A. Guns's "classic" lead singer, Plaintiff Philip Lewis, rejoined its namesake lead guitarist, Plaintiff Tracii Guns.

54.     In 2017, the Plaintiff Tracii Guns version of L.A. Guns (with Plaintiffs Tracii Guns and Philip Lewis) released a new album titled *The Missing Peace*. And in March 2019, they released another album, *The Devil You Know*.

***The Infringing L.A. Guns Band Creates Confusion in the Marketplace***

55.     Since Plaintiffs Tracii Guns and Philip Lewis reunited in the "real" L.A. Guns (i.e., the Tracii Guns version), the band has performed over approximately 230 shows in 17 countries, all around the world.  Approximately, 175 of these shows occurred in the United States.

56.     In contrast, on information and belief, the Infringing L.A. Guns has performed only a few shows in the United States over the same time period.

57.     Scotty Ludwick, the former tour manager of L.A. Guns (the Tracii Guns version) and the current manager of the band, has frequently encountered questions and confusion when attempting to book the band for live performances.  For example, various booking agents of the venues have asked him questions like, "Are you guys the *real* L.A. Guns or those *other* guys?"  On information and belief, the manager of the Infringing L.A. Guns receives similar inquiries and informs venues that their version of the band is the real L.A. Guns.

58.     Defendant Riley created and manages a Facebook page at www.facebook.com /officiallaguns, purporting to be the "official" Facebook page for the band.  On occasion, the event section of the page features a picture—not of Defendant Riley's version of the band—but of the Plaintiffs Tracii Guns and Philip Lewis version of the band.

59.     As just one of many similar examples, the Infringing L.A. Guns performed a show at Sunset Station Casino Hotel & Casino ("Sunset Station") in Henderson, Nevada on July 27, 2019.  The promotional materials for the show

655 North Central Avenue, Suite 2300
Glendale, CA  91203

Lewis Roca
ROTHGERBER CHRISTIE

included images of Plaintiffs Tracii Guns and Philip Lewis, who, of course, are not in the infringing version of the band. Patrons who purchased a ticket expecting to see the real L.A. Guns, based upon these pictures and perhaps even a lack of knowledge of Defendant Riley's competing band, were disappointed to find that the band they would see had neither the "classic" lead singer of the band nor its namesake lead guitarist. At least one such patron discovered the bait and switch in advance of the show and sought a refund from the venue. Sunset Station refused to refund the ticket price.

60. Upon discovering that Sunset Station was promoting the Infringing L.A. Guns with pictures of Plaintiffs Tracii Guns and Philip Lewis, counsel for Plaintiff Tracii Guns wrote a cease and desist letter to Sunset Station. No response was received.

61. The Infringing L.A. Guns band currently consists of Defendants Stephen Riley, Scott Griffin, Kelly Nickels, and Kurt Frohlich.

62. Plaintiff Tracii Guns has not authorized the Infringing L.A. Guns band's use of the L.A. GUNS trademark.

***The Infringing L.A. Guns Announces It Will Record Another Album and Begin Another Tour Under, Both Using the L.A. Guns Mark Without Authorization***

63. In November, 2019, the Infringing L.A. Guns announced it will be recording a new album and beginning a new tour:

> We are so pleased to formally announce that we have signed with New Breed Management and Biggtime Inc. is now our Booking Agency. But... it gets better, we have also signed a new record deal with Golden Robot Records and we'll be heading into the studio to record a new album later this month, which should be out sometime next spring. We are very grateful for this opportunity and we want to thank you all for your support throughout the years. Also we are looking forward to seeing you all on tour in 2020.

64. On information and belief, the Infringing L.A. Guns has partnered with Defendants Daniel Sullivan Bigg and Bigg Time Entertainment, Inc., with these Defendants acting as booking agents for the Infringing L.A. Guns. Defendant Bigg

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

Time Entertainment, Inc.'s website prominently features the L.A. Guns word mark, along with a stylized version of L.A. Guns mark, and is using the L.A. Guns marks to advertise a tour by the Infringing L.A. Guns, without authorization from Plaintiff Tracii Guns, the rightful trademark owner.

65.   On information and belief, the Infringing L.A. Guns has partnered with Defendants Eric Baker and New Breed LLC, with these Defendants acting as agents/managers for the Infringing L.A. Guns.  Plaintiff Tracii Guns did not authorize Eric Baker or New Breed LLC to use the L.A. GUNS trademark.

66.   On information and belief, the Infringing L.A. Guns has partnered with Golden Robot Global Entertainment Pty Ltd, with the latter agreeing to record and produce the Infringing L.A. Guns's forthcoming album.  Plaintiff Tracii Guns did not authorize Golden Robot Global Entertainment Pty Ltd to use the L.A. GUNS trademark.

67.   Plaintiff Tracii Guns has not authorized the use of the L.A. GUNS mark for this forthcoming album or tour.

68.   Plaintiff Tracii Guns, through his counsel, sent cease and desist letters to each of the Infringing Band Members, Bigg Time Entertainment, Inc., New Breed LLC, and Golden Robot Global Entertainment Pty Ltd, informing each of Plaintiff Tracii Guns's ownership of the L.A. GUNS mark, that their use of the mark is unauthorized and infringing, and demanding that each immediately cease use of the mark.

69.   In response to the cease and desist letters, counsel for Plaintiffs received a letter from Cole Riley, who, although not apparently licensed to practice law claimed, "I represent L.A. Guns as legal counsel."   The letter indicated that Defendants intended to continue using the mark without the authorization of Plaintiff Tracii Guns.

*The Tracii Guns Version of L.A. Guns Is the Real Version of the Band in the Public's Mind*

70.    As of the filing of this Complaint, the second sentence of the Wikipedia page for L.A. Guns states, "The band currently consists of Tracii Guns (lead guitar), Phil Lewis (lead vocal), Ace Von Johnson on (rhythm guitar, backing vocals, Johnny Martin (bass guitar, backing vocals, and Scot Coogan (drums)."  In other words, it describes the band as the Tracii Guns version of the band.  This, even though the same article acknowledges that the Infringing Band Members are touring with a band of the same name.  And while Wikipedia is user-edited and not always 100% accurate, it is a community-sourced publication.  In other words, the rock and roll public believes that L.A. Guns consists of the Tracii Guns version of the band.

71.    The band is named after Plaintiff Tracii Guns for good reason.  He is a world-renowned guitar player.  IMDB describes him "one of the most influential guitarists to emerge out of the 80's Hollywood scene."  Over the years, he has partnered with various premium guitar builders to create Tracii Guns labeled guitars. For example, he has partnered with Kramer Guitars, Dean Guitars, and Epiphone (the maker of the esteemed Les Paul guitars), releasing the "Gunslinger" and the "Tracii Guns Signature Nash Vegas" lines of guitars to name a couple.

72.    When the public goes to see L.A. Guns, or thinks they are going to see L.A. Guns, they go to see the band containing its namesake, Plaintiff Tracii Guns, the founder of the band and world-renowned guitar player.  And they go to hear the signature voice of Plaintiff Philip Lewis, who recorded the lead vocals on nearly every L.A. Guns album.  They do not go to hear Defendant Riley, a drummer who, though admittedly played on a number of L.A. Guns albums, is neither the face nor the sound of L.A. Guns.

/ / /

/ / /

/ / /

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

*Defendant Riley, Through Defendant Hardcore, Inc., Has Failed to Pay Any Royalties Due*

73.     Plaintiff Tracii Guns entered into a written agreement with Defendant Hardcore, Inc., whereby Defendant Hardcore, Inc. agreed to be responsible for publishing administration, including receiving royalty payments owed to Plaintiffs Tracii Guns, Philip Lewis, and other members of L.A. Guns, and then paying those royalties to the appropriate song-writers and/or performers.  On information and belief, the terms of this written agreement required Defendant Hardcore, Inc. to conform to industry standards regarding payment schedules.

74.     Since Defendant Riley created Defendant Hardcore, Inc. in 1996, Defendant Hardcore Inc. has received the mechanical and performance royalties for a number of L.A. Guns albums and songs.  On information and belief, Defendant Hardcore, Inc. has been paid over $200,000 in such mechanical and performance royalties from just one record label, as well as additional amounts from other sources.

75.     Neither Defendant Riley nor Defendant Hardcore, Inc. have paid royalties to any musicians who are due payments, including Plaintiffs.

76.     Neither Defendant Riley nor Defendant Hardcore, Inc. have paid royalties to any songwriters who are due payments, including Plaintiffs.

77.     Neither Defendant Riley nor Defendant Hardcore, Inc. have provided any accounting of the finances of Hardcore, Inc. (including accounts of royalties received from publishers and record labels, balance sheets, profit and loss statements, income and expense reports, accounts receivable, or accounts payable) to any L.A. Guns songwriters or musicians, including Plaintiffs.

78.     On information and belief, Defendant Riley, through Defendant Hardcore, Inc., has paid himself all of the performance and mechanical royalties that have been owed to Plaintiffs Tracii Guns and Philip Lewis since the foundation of Defendant Hardcore Inc. in 1996.

79.    On information and belief, Defendant Hardcore, Inc. continues, to this day, to receive performance and mechanical royalties from publishers and record labels for various L.A. Guns albums and songs, and to which both Plaintiffs Tracii Guns and Philip Lewis are entitled, yet still pays all profits only to Defendant Stephen Riley.

***Defendants Riley and Epic Rights Have Sold L.A. Guns Merchandise Without Sharing Profits with Plaintiff Tracii Guns***

80.    In August, 2015, Defendants Riley and Epic Rights entered into a contract where Defendant Riley licensed Defendant Epic Rights the rights to sell L.A. Guns merchandise.  Defendant Epic Rights paid Defendant Riley an advance of $13,750 along with continuing payments thereafter.

81.    Defendant Riley falsely represented to Defendant Epic Rights that he was "the sole and exclusive owner" of the L.A. Guns mark.

82.    In the alternative, even if it is determined that Defendant Riley owns some interest in any L.A. Guns trademark with Plaintiff Tracii Guns, by Defendant Riley's own statement, Plaintiff Tracii Guns is entitled to 51 percent of all profits derived from the sale of L.A. Guns merchandise.  Moreover, Defendant Riley was required, but did not obtain, Plaintiff Tracii Gun's consent to license the L.A. Guns mark for sale on merchandise.

83.    L.A. Guns manager, Scotty Ludwick, contacted Defendant Epic Rights and informed Defendant Epic Rights that Defendant Riley did not have the authority to license the L.A. Guns mark for use on merchandise (or for any other purpose).  Though given this notice, Defendant Epic Rights continues to sell unauthorized merchandise containing the L.A. Guns mark.

/ / /

/ / /

/ / /

/ / /

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

COUNT I

**(Declaratory Judgment that the Existing Registered L.A. Guns Trademark Is Invalid and Must Be Canceled– Asserted by Plaintiff Tracii Guns Against Defendant Stephen Riley and Fictitious Defendant Stephen Riley and Traci [sic] Guns Partnership)**

84.    Plaintiff Guns repeats and realleges the allegations of all preceding paragraphs as if fully set forth here.

85.    The '358 Registration is invalid because the partnership listed as the registered owner (i.e., Stephen Riley and Traci [sic] Guns Partnership) is not, and was never the owner of the trademark.

86.    The '358 Registration is separately invalid because the purported entity that purportedly owned the registration never existed and is not a valid entity.  No such partnership ever existed.

87.    The '358 Registration is separately invalid based on fraud on the United States Patent and Trademark Office ("USPTO").  The declaration, made under penalty of perjury by Defendant Riley, contained knowingly false representations as to the owner of the registration and the existence of the purported owner, as did the subsequent communications to the USPTO asserting that the purported partnership owned and continued to use the mark, as shown in several Statements of Use.

88.    As a result of the invalidity of the '358 Registration, an actual controversy now exists between Plaintiff Guns and Defendants regarding the right of Defendants to use and profit from use of the mark.

89.    Plaintiff Guns is entitled to and seeks a judicial declaration that the '358 Registration is invalid and must be canceled.

/ / /

/ / /

/ / /

/ / /

- 17 -

## COUNT II

**(Unfair Competition and Trademark Infringement of a Common Law Trademark Under the Lanham Act 15 U.S.C. § 1125 – Asserted by Plaintiff Tracii Guns Against All Defendants)**

90.     Plaintiff Guns repeats and realleges the allegations of all preceding paragraphs as if fully set forth here.

91.     The above-cited acts by Defendants constitute unfair competition and trademark infringement in violation of 15 U.S.C. § 1125.

92.      Plaintiff Guns has been injured by Defendants' unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of the two competing bands.

93.     By reason of Defendants' actions alleged herein, Plaintiff Guns has suffered irreparable injury to his goodwill.

94.     On information and belief, Defendants' acts of unfair competition and trademark infringement have been willful and taken without regard to the established rights of Plaintiff Guns.

## COUNT III

**(False Advertising Under the Lanham Act 15 U.S.C. § 1125 –Asserted by Plaintiff Tracii Guns Against All Defendants)**

95.     Plaintiff Guns repeats and realleges the allegations of all preceding paragraphs as if fully set forth here.

96.     The above-cited acts by Defendants constitute false advertising in violation of 15 U.S.C. § 1125.  For example, Defendants have used images of Plaintiffs to advertise and promote upcoming shows of the infringing L.A. Guns band with the intent to trick and confuse consumers to purchase tickets believing they would see Plaintiffs perform, when in fact, Plaintiffs will not be performing at such shows.  In addition, Plaintiffs have falsely promoted the infringing L.A. Guns band

as the "official" L.A. Guns band, again with the intent of tricking and confusing consumers into believing that the infringing L.A. Guns band is the original Guns version of the L.A. Guns band.

97.   Plaintiff Guns has been injured by Defendants' false advertising by reason that Defendants have misrepresented the nature, characteristics, qualities, or geographic origin of the two competing bands.

98.   By reason of Defendants' actions alleged herein, Plaintiff Guns has suffered irreparable injury to his goodwill.

99.   On information and belief, Defendants' acts have been willful and taken without regard to the established rights of Plaintiff Guns.

## COUNT IV

### (Unfair Competition Under Cal. Civ. Code §17200 et seq. – Asserted by Plaintiff Tracii Guns Against All Defendants)

100.   Plaintiff Guns repeats and realleges the allegations of all preceding paragraphs as if fully set forth here.

101.   The above-cited acts by Defendants constitute unfair competition in violation of California Business and Professions Code § 17200 et seq.

102.   Plaintiff Guns has been injured by Defendants' unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of the two competing bands.   Such actions are unfair, unlawful and fraudulent.

103.   By reason of Defendants' actions alleged herein, Plaintiff Guns has suffered irreparable injury to his goodwill.

104.   On information and belief, Defendants' acts of unfair competition have been willful and taken without regard to the established rights of Plaintiff Guns.

## COUNT V

**(California Common Law Unfair Competition – Asserted by Plaintiff Tracii Guns Against All Defendants)**

105.   Plaintiff Guns repeats and realleges the allegations of all preceding paragraphs as if fully set forth here.

106.   The above-cited acts by Defendants constitute unfair competition and passing off in violation of the California common law.

107.   Plaintiff Guns has been damaged by Defendants' unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of the two competing bands.

108.   By reason of Defendants' actions alleged herein, Plaintiff Guns has suffered harm including damages and irreparable injury to its goodwill.

109.   On information and belief, Defendants' acts of unfair competition have been willful and taken without regard to the established rights of Plaintiff Guns.

## COUNT VI

**(Unauthorized Use of Likeness Under Cal. Civ. Code §3344 and California Common Law – Asserted by Both Plaintiffs Against Defendant Riley)**

110.   Plaintiffs repeat and reallege the allegations of all preceding paragraphs as if fully set forth here.

111.   The above-cited acts by Defendant constitute unauthorized use of likeness under Cal. Civ. Code §3344 and California common law.

112.   Plaintiffs have been damaged by Defendant's unauthorized use of their likenesses by reason of Defendant's knowing uses of Plaintiffs' name, photograph, or likeness, for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without Plaintiff's prior consent.

113.   By reason of Defendant's actions alleged herein, Plaintiffs have suffered harm including damages and irreparable injury to their goodwill.

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

114.   Plaintiffs are also entitled to recover any of Defendant's profits from these unauthorized uses of their likenesses.

115.   On information and belief, Defendant's acts have been willful and taken without regard to the established rights of Plaintiff Guns.

## COUNT VII

**(Breach of Contract – Asserted by Both Plaintiffs Against Defendants Riley and Hardcore, Inc.)**

116.   Plaintiffs repeat and reallege the allegations of all preceding paragraphs as if fully set forth here.

117.   Plaintiffs and Defendants formed a valid contract.

118.   Plaintiffs fully performed under the contract.

119.   Defendants breached that contract by, among other things, failing to pay past royalties owed to Plaintiffs.

120.   Defendants breach is ongoing, and Plaintiffs are entitled to past damages for at least the last four years.

121.   As a direct and proximate result of Defendants' breach, Plaintiffs have suffered damages in an amount to be proven at trial.

## COUNT VIII

**(Conversion – Asserted by Both Plaintiffs Against Defendants Riley and Hardcore, Inc.)**

122.   Plaintiffs repeat and reallege the allegations of all preceding paragraphs as if fully set forth here.

123.   Plaintiffs had the right to possess mechanical and performance royalties from each album on which the performed and/or wrote the music.   Defendants wrongfully accepted and retained all such royalties.

124.   As a result of Defendants' wrongful acts, Plaintiffs have suffered damages in an amount to be determined at trial.

655 North Central Avenue, Suite 2300
Glendale, CA  91203

Lewis Roca
ROTHGERBER CHRISTIE

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for:

1.     A judicial declaration that the '358 Registration is invalid and must be canceled from the Trademark Register;

2.     A permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from engaging in any use of the L.A. Guns mark or any other confusingly similar mark, from using any likeness or image of Plaintiffs for any purpose, and from advertising or promoting themselves as the "official" or "original" L.A. Guns band;

3.     A declaration that Plaintiff Tracii Guns is the sole owner of the common law trademark rights for the mark L.A. GUNS and any related design marks throughout the United States, for the goods and services as alleged above;

4.     For an accounting by Defendants, actual damages sustained by Plaintiff Guns and all profits realized by Defendants by reason of their infringement of Plaintiff Tracii Guns's L.A. Guns mark, and that such damages and/or profits be trebled and/or enhanced to the maximum amount provided by law, all as pursuant to 15 U.S.C. Section 1117(a);

5.     All damages sustained by Plaintiffs as a result of Defendants' actions;

6.     An award to Plaintiffs of their costs in this action, including its reasonable attorneys' fees under at least 15 U.S.C. § 1117, and any other applicable authority;

7.     Recovery of any gains, profits and advantages Defendants have obtained as a result of their unlawful actions;

8.     Punitive damages; and

/ / /

/ / /

/ / /

/ / /

655 North Central Avenue, Suite 2300
Glendale, CA 91203

Lewis Roca
ROTHGERBER CHRISTIE

9.      Such other and further relief as the Court deems proper.

Dated:  January 9, 2020                    LEWIS ROCA ROTHGERBER
                                           CHRISTIE LLP

                                    By  /s/G. Warren Bleeker
                                        G. Warren Bleeker

                                        *Attorneys for Plaintiffs*
                                        *Tracii Guns and Philip Lewis*

1

## **JURY DEMAND**

2

      Plaintiffs demand a jury trial on all issues for which a jury trial is permitted.

3

4

Dated:  January 9, 2020

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

By   /s/G. Warren Bleeker
      G. Warren Bleeker

*Attorneys for Plaintiffs*
*Tracii Guns and Philip Lewis*

655 North Central Avenue, Suite 2300
Glendale, CA  91203

Lewis Roca
ROTHGERBER CHRISTIE