S. Martin Keleti (State Bar # 144208)
Keleti Law
9903 Santa Monica Boulevard, Suite 751
Beverly Hills, CA 90212-1671
Telephone:   323.308.8489
Facsimile:   323.978.7422
E-mail:   s.martin.keleti@gmail.com
*Attorney for defendants Stephen Riley, Scott Griffin, Kelly Nickels, Kurt Frolich, Eric Baker, Daniel Sullivan Bigg, Hardcore, Inc., Epic Rights, LLC, New Breed, LLC, Bigg Time Entertainment, Inc., Golden Robot Global Entertainment Pty Ltd, and Stephen Riley And Traci Guns Partnership*

Robert S. Gutierrez (State Bar # 143223)
Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone:   424.204.4370
Facsimile:   424.204.4350
E-mail:   gutierrezr@ballardspahr.com
*Attorneys for defendant Epic Rights, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACII GUNS, an individual; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEPHEN RILEY, an individual; *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-00270-CJC (AFMx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:   April 27, 2020<br>Time:   1:30 p.m.<br>Courtroom.: 7C<br>350 West First Street<br>Los Angeles, CA 90012 |

Reply Memorandum in Support of Motion to Dismiss First Amended Complaint

1

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................5

II. ARGUMENT.......................................................................................................5

    A. THE COURT SHOULD DISMISS THE ENTIRE ACTION FOR FAILURE TO STATE ANY CLAIM FOR RELIEF ON THE BASIS OF LACHES. ........................................................................................5

        1. Plaintiffs Fatally Misstate or Misapprehend the Role of Delay in Application of Laches. ...................................................5

        2. Laches Is a Basis for Dismissing Most, if Not All, of Plaintiffs' Claims........................................................................6

        3. The Court May Take Judicial Notice of Certain Extrinsic Evidence in Determining that Laches Is a Basis for Granting a Motion to Dismiss.......................................................9

        4. Defendants Have Demonstrated the Necessary Prejudice for Laches to Apply........................................................................11

    B. THE COURT SHOULD DISMISS THE EIGHTH CLAIM FOR RELIEF FOR CONVERSION FOR FAILURE TO STATE FACTS WHICH CONSTITUTE A RECOGNIZED CLAIM......11

    C. THE COURT SHOULD DISMISS ALL OF PLAINTIFFS' CLAIMS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND............................................................................................13

III. CONCLUSION .................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*,
   944 F.2d 1446 (9th Cir. 1991)...................................................................................7

*Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503 (1994).......12

*Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994)...........................................................9

*Cleary v. News Corp.*, 30 F.3d 1255 (9th Cir. 1994).................................................7

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010) ...........................10

*Fischer v. Machado*, 50 Cal. App. 4th 1069 (1996).................................................12

*Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988)...........................................12

*Grupo Gigante SA de CV v. Dallo & Co.*, 391 F.3d 1088 (9th Cir. 2004)..............11

*International Order of Job's Daughters*, 633 F.2d 912 (9th Cir. 1980),
   cert. denied, 452 U.S. 941 (1981)...........................................................................7

*Jarrow Formulas v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002) ..................9

*Lennon v. Seaman,* 63 F. Supp. 2d 428 (S.D.N.Y. 1999)........................................10

*Mack v. South Bay Beer Distribs., Inc.,* 798 F.2d 1279 (9th Cir. 1986).............9, 10

*Mathew v. The Walt Disney Company*, 690 Fed. Appx. 509 (9th Cir. 2017)............8

*Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923 (C.D. Cal. 2004),
   aff'd, 454 F.3d 975 (9th Cir. 2006) ....................................................................7, 8

*Move Press, LLC v. Peloton Interactive, Inc.*, 2019 WL 4570018
   (C.D. Cal Sept. 5, 2019) .......................................................................................11

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*,
   150 Cal. App. 4th 384 (2007)................................................................................12

*Pinkette Clothing v. Cosmetic Warriors*, 894 F.3d 1015 (9th Cir. 2018)..................6

*Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147 (9th Cir. 2015)..............10

*Registration Educ. Project v. Shelley*, 344 F.3d 914 (9th Cir. 2003) ......................10

*Rodriguez v. Pierce Cty.*, 267 Fed. Appx. 556 (9th Cir. 2008) ...............................10

*Romans v. Incline Vill. Gen. Imp. Dist.*, 482 Fed. Appx. 292 (9th Cir. 2012) ........10

*Saul Zaentz Co. v. Wozniak Travel, Inc.*, 627 F. Supp. 2d 1096 (N.D. Cal. 2008)...7

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*,
    621 F.3d 981 (9th Cir. 2010)..................................................................................11

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 47
    (1996).........................................................................................................................12

*TMT N. Am., Inc. v. Magic Touch GmbH*, 124 F.3d 876 (7thCir. 1997)....................7

*U.S. ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047
    (9th Cir. 2011) .........................................................................................................10

*UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465 (9th Cir. 1994)..................6

*Vu v. California Commerce Club, Inc.*, 58 Cal. App. 4th 229 (1997).....................12

**Statutes**

15 U.S.C. § 1125............................................................................................................6

28 U.S.C. § 1332..........................................................................................................13

28 U.S.C. § 1367..........................................................................................................13

Cal. Bus. & Prof. Code § 14330 ..................................................................................8

Cal. Bus. & Prof. Code § 14335 ..................................................................................8

Cal. Bus. & Prof. Code § 17200 ..................................................................................7

Cal. Civ. Code § 3344 ..................................................................................................8

Cal. Code Civ. Proc. § 337 ..........................................................................................8

Cal. Code Civ. Proc. § 339 ..........................................................................................8

Cal. Code Civ. Proc. § 343 ..........................................................................................8

**Rules**

Fed. R. Civ. P. 12(c).....................................................................................................10

Fed. R. Evid. 201 ..........................................................................................................9

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' opposition to Defendants' motion to dismiss Plaintiffs' first amended complaint is completely unpersuasive. This is true both as to Defendants' more modest goal of having the Court narrow the scope of the dispute by dismissing the claim for conversion, as well as to Defendants' broader goal of having the Court dismiss the entire pleading with prejudice based on the doctrine of laches. At a minimum, the dismissal should limit this action to defendant Riley, and require Plaintiffs to pursue any remaining claim for what amounts to an accounting in state court. While Riley ardently denies that he has any liability whatsoever, there is no reason for this litigation to proceed in this Court for what amounts at most to a state-law claim between Plaintiffs and Riley.

## II. ARGUMENT

### A. THE COURT SHOULD DISMISS THE ENTIRE ACTION FOR FAILURE TO STATE ANY CLAIM FOR RELIEF ON THE BASIS OF LACHES.

#### 1. Plaintiffs Fatally Misstate or Misapprehend the Role of Delay in Application of Laches.

Plaintiffs argue that Defendants' conduct giving rise to Plaintiffs' claims is recent, such that Plaintiffs' delay has been insufficient for Defendants to invoke the doctrine of laches. But it is not only the most recent acts or omissions a court examines. Laches began to apply and cut off Plaintiffs' claims long ago. Plaintiffs' Opposition only addresses the recent past, overlooking significant events demonstrating Guns' longstanding knowledge of Riley's registration and exploitation of the mark. Riley applied to register the mark (in his name and that of Guns, jointly) in 1998, and the publication of the application gave actual, or at least constructive notice in 1999. Indeed, in 2008, Guns, through his Texas limited liability company, L.A. Guns International, LLC, brought a cancellation

proceeding against Riley. Importantly, the TTAB dismissed that proceeding *with prejudice* in 2010. Plaintiffs do not appear to contest that the Court may take judicial notice of these proceedings.

Moreover, Riley *started* performing under the subject trademark without Guns long ago; for many years two bands coexisted.[1] Plaintiffs themselves allege: "In 2005, without Plaintiff Tracii Guns, Defendant Riley released *Tales from the Strip* under the L.A. Guns name. In 2012, after a seven-year gap, Defendant Riley similarly released *Hollywood Forever*." FAC ¶ 50. But Plaintiffs did not bring suit within four years of the 2005 release of *Tales from the Strip* or the 2012 release of *Hollywood Forever*, or within four years of 2006, when two bands with the same name started touring.

### 2. Laches Is a Basis for Dismissing Most, if Not All, of Plaintiffs' Claims.

Plaintiffs' contention that "laches is an equitable defense unavailable in actions at law governed by a statute of limitations," *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1474 n.3 (9th Cir. 1994) is an overstatement. Rather, as Plaintiffs concede in footnote 3 of their opposition, laches is a proper defense in actions filed under the Lanham Act. Moreover as *Pinkette Clothing v. Cosmetic Warriors*, 894 F.3d 1015 (9th Cir. 2018) provides, laches applies not only to the second and third claims of the first amended complaint, which are expressly under the Lanham Act,[2] but also to the first claim for declaratory relief, which is also under the Lanham Act because the claim concerns the validity of a federal trademark registration under the Lanham Act. Plaintiffs state that they "know of no such exception for any of their other claims," yet there are several, as Defendants will now explain.

---

[1] Even Guns alleges that for approximately 10 years (from 2006 to 2016), there were two bands touring with the same name. FAC ¶ 52.
[2] These are denominated as "Unfair Competition and Trademark Infringement under 15 U.S.C. § 1125" and "False Advertising under 15 U.S.C. § 1125," respectively.

Reply Memorandum in Support of Motion to Dismiss First Amended Complaint
6

First, laches is a defense under the Lanham Act because there is no statutory limitations period. The Ninth Circuit has found that the same reasoning applies to state law claims which are congruent with the federal trademark and unfair competition statute (the Lanham Act), such as the fourth and fifth claims for unfair competition.[3] *Jarrow Formulas v. Nutrition Now, Inc.*, 304 F.3d 829, 842-43 (9th Cir. 2002) (affirming the district court's dismissal of state law claims for unfair competition and false advertising on the grounds of laches because "the California and federal laches standards are . . . substantially similar"). See also *Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923, 944-45 (C.D. Cal. 2004), *aff'd*, 454 F.3d 975 (9th Cir. 2006) (district court dismissed plaintiffs' claims for statutory and common-law unfair competition on the basis of laches, and the Ninth Circuit affirmed). See also *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994); *Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991); *International Order of Job's Daughters*, 633 F.2d 912, 916 (9th Cir. 1980), cert. denied, 452 U.S. 941 (1981); *TMT N. Am., Inc. v. Magic Touch GmbH*, 124 F.3d 876, 881 (7thCir. 1997) ("federal and state laws regarding trademarks and related claims of unfair competition are substantially congruent"). As any student of Euclidean geometry (the kind taught in high school) will remember, figures which are congruent can be superimposed on one another exactly. If the defense of laches applies to claims brought under the Lanham Act, then it should apply equally to common law unfair competition and state statutory law (Bus. & Profs. Code § 17200, also known as the "Unfair Competition Law" or "UCL"). *Saul Zaentz Co. v. Wozniak Travel, Inc.*, 627 F. Supp. 2d 1096 (N.D. Cal. 2008).

The doctrine of laches is applicable not only to claims under the Lanham Act or congruent California common-law or statutory law regarding trademarks and unfair competition, but the doctrine also applies to claims for appropriation of

---

[3] These denominated "Unfair Competition under Cal. Civ. Code § 17200 et seq." and "California Common Law Unfair Competition," respectively.

name and likeness (also called the "right of publicity") under California Civil Code § 3344 (the basis for Plaintiffs' sixth claim) or common law (the basis for Plaintiffs' seventh claim). *Miller*, *supra*, 318 F. Supp. 2d at 939. In *Miller*, the trial court dismissed *all* of plaintiffs' claims, including those for statutory and common-law right of publicity. Indeed, the trial court in *Miller* also dismissed plaintiffs' claims for statutory and common-law unfair competition, as well as for breach of contract, *all* on the basis of laches, and the Ninth Circuit affirmed.[4] Laches also applies to actions based on a contract. See *Mathew v. The Walt Disney Company*, 690 Fed. Appx. 509 (9th Cir. 2017) (affirmance of district court's dismissal, on a motion to dismiss, of plaintiff's rescission claim on the ground of laches)

Therefore, as to at least seven of eight claims (the possible exception being Plaintiffs' eighth claim for conversion), the doctrine of laches applies.

Second, the state statutes prescribing limitations periods for breach of contract claims, statutory right of publicity claims, state trademark infringement and/or dilution claims, and state unfair competition claims set a period of four years.[5] *Miller*, *supra*, 318 F. Supp. 2d at 942 fn. 11 (citing Cal. Code Civ. Proc. §§ 337 & 343). The Lanham Act does not contain a statute of limitations, and therefore Lanham Act claims are governed by the analogous state statute of limitations, which in this case are state trademark infringement and dilution claims under California. Business & Professions Code §§ 14330 and 14335. *Id*. (citing

---

[4] In affirming the district court, the Ninth Circuit emphasized that *constructive knowledge*, in contrast to actual knowledge, can support a finding of laches. This further buttresses Defendants' argument, because Defendants base their laches defense in part on the cancellation proceeding brought by an entity in which Guns was a member (in which Riley prevailed) and in part on the publication of the mark in the Official Gazette of the USPTO.

[5] In *Miller*, the contract was written. In the instant action Plaintiffs claim damages for at least the past four years, FAC ¶ 126. While Plaintiffs allege that "Plaintiffs and Defendants [Riley and Hardcore, Inc.] formed a valid contract" (FAC ¶ 126), nothing in the paragraphs 18-89 incorporated by reference (FAC ¶ 122), supports that legal conclusion. Even if anything in those allegations could support a conclusion of the existence of a contract between Plaintiffs and Defendants Riley and Hardcore, Inc., certainly Plaintiffs do not allege a *written* contract between themselves and these defendants, so California Code of Civil Procedure § 337 would not apply; instead § 339, which prescribes only a two-year limitations period, would apply.

*Jarrow Formulas, supra,* 304 F.3d at 836-37 ). The passage of the limitations period creates a presumption of laches. *Jarrow*, *supra*, 304 F.3d at 837.

When the period of laches is *longer* than the applicable statute of limitations, courts have no impediment to applying the doctrine of laches. The concern that an equitable doctrine undercuts a statutory limitations period evaporates when the limitations period has elapsed. Part of the concern touches on the right to a trial by jury, but equitable claims are not entitled to trial by jury, so the court deciding such an affirmative defense does not risk impinging on a plaintiff's right to a jury trial.

### 3. The Court May Take Judicial Notice of Certain Extrinsic Evidence in Determining that Laches Is a Basis for Granting a Motion to Dismiss.

Plaintiffs argue that Defendants' motion to dismiss is improper because it amounts to a motion for summary judgment without following the procedural requirements for a motion for summary judgment. Most motions to dismiss do not look beyond the four corners of the pleading papers. Some defects, however, are not apparent from the face of the pleading, and some motions to dismiss, such as motions to dismiss for lack of personal jurisdiction or defects in process regularly do consider extrinsic evidence This extends to motions to dismiss for failure to state a cause of action as well, when the extrinsic matter is the subject of judicial notice.

Federal Rule of Evidence 201 allows a court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). While the general rule is that a district court may not grant a motion to dismiss which has been converted into a summary judgment motion without furnishing all parties an opportunity to supplement the record, *Mack v. South Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), that rule does not pertain when the additional facts considered by the court are contained in materials of which the court may take

judicial notice. *Id.* The rule applies to affirmative defenses as well. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

As Defendants noted in their moving papers, the affirmative defense of laches can be asserted on a motion to dismiss or motion for judgment on the pleadings;[6] it does not have to wait until a motion for summary judgment or trial. Indeed, a trial court can address the affirmative defense of laches *sua sponte*. The Ninth Circuit has implicitly recognized a court's ability to raise the doctrine of laches *sua sponte* before trial. See *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914 (9th Cir. 2003) (en banc) (affirming district court's decision, relying in part on court's *sua sponte* invocation of laches, to deny preliminary injunction); see also *Romans v. Incline Vill. Gen. Imp. Dist.*, 482 Fed. Appx. 292, 293 (9th Cir. 2012); *Rodriguez v. Pierce Cty.*, 267 Fed. Appx. 556 (9th Cir. 2008).

"[W]hen the defense of laches is clear on the face of the complaint, and where it is clear that the plaintiff can prove no set of facts to avoid the insuperable bar, a court may consider the defense on a motion to dismiss." *Lennon v. Seaman*, 63 F. Supp. 2d 428, 439 (S.D.N.Y. 1999). In the same way that a court may consider certain matter outside the pleadings (e.g., facts which are subject to judicial notice) in considering whether to grant a motion to dismiss for failure to state a claim generally, a court may look to such matter beyond the four corners of the pleading when determining whether the equitable affirmative defense of laches bars a plaintiff's claims. Successful motions to dismiss on the basis of laches are perfectly appropriate where, as here, the indisputable facts (evidenced by judicial notice) point overwhelmingly in Defendants' favor.

---

[6] "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same legal standard applies to motions under Rule 12(b)(6) and 12(c), and much of the process described by the Supreme Court in *Ashcroft v. Iqbal*, *supra*, and *Bell Atlantic Corp. v. Twombly*, *supra*. The Ninth Circuit describes the legal standards under these motions as "substantially identical." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015); *U.S. ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

### 4. Defendants Have Demonstrated the Necessary Prejudice for Laches to Apply.

Not only did Riley release albums in 2005 and 2012, FAC ¶ 50, but as Plaintiffs allege, he continued to perform live, sell recordings and merchandise, and enter into licensing deals, just as he has done since Guns left the band, all in reliance on his joint ownership of the mark that went unchallenged for decades, other than a cancellation proceeding brought by a limited liability company belonging to Guns, that the TTAB dismissed with prejudice. For Guns to attempt yet again to disturb relied-upon expectations is manifestly unjust.

Indeed, this is exactly the type of evidence that is sufficient to demonstrate the harm–*i.e.*, the prejudice–caused by a delay in asserting alleged rights to a trademark, and hence the showing that is sufficient to bar a claim on the basis of laches. See *Grupo Gigante SA de CV v. Dallo & Co.*, 391 F.3d 1088, 1101 (9th Cir. 2004) ("a defendant can make the required showing of prejudice by proving that it has continued to build a valuable business around its trademark during the time that the plaintiff delayed the exercise of its legal rights"); *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010) (reliance on the absence of a lawsuit is relevant in assessing prejudice caused by delay in filing suit); *Move Press, LLC v. Peloton Interactive, Inc.*, 2019 WL 4570018, at *17-18 (C.D. Cal. Sept. 5, 2019) (expectations-based prejudice is shown where defendant took efforts it would not have if plaintiff had promptly commenced suit).

### B. THE COURT SHOULD DISMISS THE EIGHTH CLAIM FOR RELIEF FOR CONVERSION FOR FAILURE TO STATE FACTS WHICH CONSTITUTE A RECOGNIZED CLAIM.

The only claim to which laches might not apply, the eighth claim for relief for conversion, is fatally defective. The California Supreme Court has held that conduct which amounts to a routine breach of contract cannot give rise to tort

liability. *Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503, 517 (1994); see also *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 693 (1988) (the court will not create a tort out of what is merely a breach of contract).

As noted in Defendants' moving papers, under California law, " '[m]oney cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment. A 'generalized claim for money [is] not actionable as conversion.' " *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007) (citing, inter alia, *Fischer v. Machado*, 50 Cal. App. 4th 1069, 1072–1074 (1996); *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 485 (1996); and *Vu v. California Commerce Club, Inc.*, 58 Cal. App. 4th 229, 235 (1997)).

Plaintiffs attempt to draw an analogy between this case and a situation where a claim of conversion arises from the robbery of a wallet at gunpoint, dismissing the requirement of an identifiable sum of money. One might be able to proceed with a cause of action for conversion where one knew one's wallet was stolen but did not know the amount of cash in the stolen wallet, but that is not the scenario Plaintiffs allege. The interference with personal property (money) Plaintiffs allege bears no resemblance to the robbery scenario, but rather, are garden-variety disputes involving intangible contractual rights. The gravamen of the claim is not interference with the physical possession of money (money that, unlike the robbery scenario, was never in Plaintiffs' hands), but rather a generalized claim to some amount of money determined by contract, that varies over time, to the extent it even exists. Plaintiffs are willfully blind to the distinction.

## C. THE COURT SHOULD DISMISS ALL OF PLAINTIFFS' CLAIMS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

Because the Court should dismiss all of Plaintiffs' claims, the inquiry turns to the type of dismissal. Given the judicially-noticeable facts, the Court should dismiss the entire action with prejudice, and without leave to amend. The only conceivable claim Plaintiffs might be able to assert would be one they have not explicitly pleaded, which is a claim for an accounting against Riley under state law. There are some allegations which might be appropriate for such a claim, e.g., FAC ¶¶ 78-82 & 85.

In the absence of complete diversity between Plaintiffs and Riley, who are both residents of Los Angeles County, California, FAC ¶¶ 3 & 5, there is no basis for federal jurisdiction. 28 U.S.C. § 1332. Although Plaintiffs invoked the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, FAC ¶ 1, the Court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction and dismiss this case when there is no longer any claim arising under federal subject matter jurisdiction. Because the case was only recently filed, the Court should decline to exercise its supplemental jurisdiction and dismiss the entire action.

## III. CONCLUSION

Publication of the trademark application (for registration in the names of both Guns and Riley) gave Guns notice nearly 20 years ago. After five years, the mark became incontestable. More than 10 years ago, Guns (through his limited liability company) filed a cancellation proceeding, and lost (it was dismissed with prejudice), which meant that Guns clearly knew about Riley's claim to the mark. And as Guns himself alleges, for approximately 10 years (from 2006 to 2016), there were two bands touring with the same name, FAC ¶ 52, as well as releases of albums in 2005 and 2012, FAC ¶ 50. Riley suffered prejudice as a result of Guns

sleeping on his rights.

Plaintiffs' argument that laches does not apply to claims other than those arising under the Lanham Act is dead wrong. Their arguments that a ruling on laches is not available as early as a motion to dismiss, or that Defendants have improperly transformed their motion to dismiss into an improper motion for summary adjudication are equally unavailing. Tellingly, Plaintiffs did not file any objections to Defendants Request for Judicial Notice.

For all the foregoing reasons, the Court should dismiss Plaintiffs' entire first amended complaint with prejudice.

KELETI LAW

Dated: April 13, 2020

/s/ *S. Martin Keleti*
By: S. MARTIN KELETI
Attorney for defendants Stephen Riley, Scott Griffin, Kelly Nickels, Kurt Frolich, Eric Baker, Daniel Sullivan Bigg, Hardcore, Inc., Epic Rights, LLC, New Breed, LLC, Bigg Time Entertainment, Inc., Golden Robot Global Entertainment Pty Ltd, and Stephen Riley And Traci Guns Partnership

BALLARD SPAHR LLP

Dated: April 13, 2020

/s/ *Robert S. Gutierrez*
By: Robert S. Gutierrez
Attorney for defendant Epic Rights, LLC

**ATTESTATION REGARDING SIGNATURES**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all parties, on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized its filing.

Dated: April 13, 2020          /s/ *S. Martin Keleti*